UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

<u>FOR PUBLICATION</u>

---------------------------------------------------------x
In re

SAVLATORE BELLAFIORE,

              Debtor.

---------------------------------------------------------x

Case No. 12-76284-dte

Chapter 7

# MEMORANDUM DECISION

*Appearances:*

Mark G. Slavis, Esq.
*Attorney for Debtor*
2956 Route 112
Medford, New York 11763


Pryor & Mandelup, L.L.P.
*Attorneys for Chapter 7 Trustee*
By: Robert L. Pryor, Esq.
675 Old Country Road
Westbury, New York 11590


LaMonica Herbst & Maniscalco
*Attorneys for Creditor Kelly Good*
By: Joseph Maniscalco, Esq.
3305 Jerusalem Avenue
Wantagh, New York 11793


HONORABLE DOROTHY T. EISENBERG, UNITED STATES BANKRUPTCY JUDGE

Before the Court is the Debtor's Motion seeking a determination that he may claim a homestead exemption against the proceeds of sale of his real property and that the Chapter 7 Trustee (the "Trustee") be compelled to abandon his interest in those proceeds. The Trustee and the Debtor's ex-wife oppose this Motion. The Court has jurisdiction pursuant to 28 U.S.C. § 1334(a) and (b). This contested matter is a core proceeding under 28 U.S.C. § 157(b)(2)(A), (B) and (O) and 11 U.S.C. §§ 522 and 554. The following constitutes the Court's finding of fact and conclusions of law.

## FACTS

Debtor filed his petition for relief under Chapter 7 of the Bankruptcy Code on October 17, 2012 (the "Petition Date"). The Debtor received his bankruptcy discharge on March 4, 2013. At the time of the bankruptcy filing, the Debtor occupied, and was the fee owner of, real property located in Suffolk County, New York (the "Real Property").

On August 28, 2012, prior to the Petition Date, the Debtor entered into an arms-length contract to sell the Real Property to third parties for $582,000. The Debtor listed on Schedule D to his bankruptcy petition two consensual mortgages against the Real Property in favor of HSBC Bank USA aggregating $491,969.13. The Debtor claimed a $90,032 homestead exemption pursuant to 11 U.S.C. § 522(b)(3) and § 282 of the NEW YORK DEBTOR AND CREDITOR LAW ("N.Y. DEBT. CRED. LAW") and § 5206(a) of the NEW YORK CIVIL PRACTICE LAWS AND RULES ("N.Y. C.P.L.R.").

The Trustee contests the Debtor's ability to claim a homestead exemption against the sale proceeds because the Debtor arguably did not have an intent to reside at the Real Property on the Petition Date if he had a pre-petition contract of sale. The Trustee takes the position that the sale

proceeds must be held in escrow and can only be applied toward the purchase of another homestead by the Debtor within a one year period pursuant to N.Y. C.P.L.R. § 5206(e). If the Debtor fails to purchase another homestead within that time, then funds would no longer be deemed exempt and would be used to pay creditors of the Debtor's bankruptcy estate. Meanwhile, the Debtor asserts that his right to claim a homestead exemption is unfettered notwithstanding the existence of a pre-petition contract of sale and that there is no requirement that he must apply the proceeds to another homestead within a one year period under the circumstances. In order to allow the sale of the Real Property to move forward, the Debtor and Trustee agreed pursuant to a Stipulation and Order, dated December 26, 2012, to resolve the issue of the Debtor's entitlement to a homestead exemption after the sale had closed.

The sale of the Real Property closed on December 28, 2012. Because the amount actually needed to satisfy the mortgages against the Real Property was higher than scheduled in the Debtor's bankruptcy petition, the sale netted only $36,261.07, which was less than the $90,032 exemption claimed by the Debtor. The sale proceeds were turned over to the Trustee and are being held in escrow pending a determination of the Debtor's entitlement to a homestead exemption.

The Debtor filed this Motion on January 14, 2013. The Trustee filed his opposition to the relief sought under the Motion. Additionally, counsel for the Debtor's former spouse, Kelly Good, also filed an objection and asserted a claim against the sale proceeds on behalf of Ms. Good. The Debtor and Ms. Good had entered into a pre-petition stipulation of settlement dated June 8, 2012 (the "June 8, 2012 Stipulation") in their matrimonial action whereby the Debtor and Ms. Good agreed that the Real Property would be sold and the net proceeds of sale would be

divided equally between them. The June 8, 2012 Stipulation and the Judgment of Divorce were entered and finalized in the matrimonial action on or about November 28, 2012. On February 2, 2013, Ms. Good filed a proof of claim against the bankruptcy estate asserting a priority claim in the nature of a "domestic support obligation under 11 U.S.C. § 507(a)(1)" in the amount of $45,000 plus one half of the mortgage payments based upon the terms of the June 8, 2012 Stipulation. The amount of the claim is one half of the anticipated $90,032 of equity that the Debtor listed in his bankruptcy schedules, plus one half of the mortgage payments that the debtor defaulted on paying during the six-month period prior to the sale of the Real Property which reduced the available equity to which Ms. Good would have been entitled under the June 8, 2012 Stipulation. The Trustee and the Debtor opposed Ms. Good's claim against the sale proceeds on the basis that the Judgement of Divorce was entered after the Petition Date and therefore Ms. Good has no ownership interest in the sale proceeds. Debtor further argues that even if Ms. Good has a valid claim under the June 8, 2012 Stipulation, her claim would be limited to $18,130.53 which is one-half of the actual equity generated from the sale of the Real Property.

A hearing was held on February 26, 2013. The issues before this Court are whether the Debtor can obtain his exemption pursuant to N.Y. C.P.L.R. § 5206 based on a voluntary post-petition sale of his homestead where there is a pre-existing intent to sell the homestead prior to his filing for bankruptcy, and whether Ms. Good is entitled to any portion of the sale proceeds.

## DISCUSSION

I.    General.

Pursuant to section 541 of the Bankruptcy Code, the commencement of a case creates an estate comprising of, *inter alia*, "all legal or equitable interests of the debtor in property as of the

commencement of the case." 11 U.S.C. § 541(a)(1). Thus, what assets are property of the bankruptcy estate is determined as of the date the bankruptcy petition is filed.

In this case, on the Petition Date, the Debtor, and thus the bankruptcy estate, had a legal and equitable interest in the Real Property as such property had not yet been sold notwithstanding the existence of a pre-petition contract of sale. It was not until the Real Property was sold post-petition that the bankruptcy estate's interest in the Real Property became attached to the net proceeds of sale.

The Debtor argues that his claim of a homestead exemption exceeds the amount of the net proceeds and as a result, there are no funds left for the benefit of the bankruptcy estate. Where the property of the estate "is burdensome or is of inconsequential value and benefit to the estate" a party in interest may request a court, after notice and a hearing, to compel the trustee to abandon the estate's interest in such property. 11 U.S.C. § 554(b). Accordingly, the Debtor requests that the Trustee be compelled to abandon the estate's interest in the net proceeds of sale because the sale proceeds are of inconsequential value and benefit to the estate once his homestead exemption is applied.

II.     Debtor's Claim of A Homestead Exemption.

Pursuant to 11 U.S.C. § 522, an individual debtor may exempt certain assets from property of the bankruptcy estate. An individual debtor may elect to claim either (a) the federal exemptions pursuant to 11 U.S.C. § 522(b)(2), unless the state "opts out" of the federal exemptions, or (b) the applicable state exemptions pursuant to 11 U.S.C. § 522(b)(3).

The Debtor chose to claim a state homestead exemption under 11 U.S.C. § 522(b)(3). Section 522(b)(3)(B) permits an individual debtor to exempt "any interest in property in which

the debtor had, immediately before the commencement of the case, an interest as a tenant by the entirety or joint tenant to the extent that such interest as a tenant by the entirety or joint tenant is exempt from process under applicable nonbankruptcy law". 11 U.S.C. § 522(b)(2)(B). Because the Debtor is domiciled in the State of New York, and property rights of the debtor are determined by state law, New York law is the relevant nonbankruptcy law that would apply. *See, Butner v. United States*, 440 U.S. 48, 99 S.Ct. 914, 59 L.Ed.2d 136 (1979); *Brattleboro Hous. Auth. v. Stoltz (In re Stoltz)*, 197 F.3d 625, 629 (2d Cir. 1999).

Section 282 of N.Y. DEBT. CRED. LAW provides that under the Bankruptcy Code, an individual debtor domiciled in New York may exempt from property of the estate "personal and real property exempt from application to the satisfaction of money judgments" under N.Y. C.P.L.R. § 5206. N.Y. DEBT. CRED. LAW § 282 (McKinney's 2011). Section 5206(a) of N.Y. C.P.L.R. in turn exempts the application to the satisfaction of a money judgment real property with a dwelling on such property in an amount "not exceeding one hundred fifty thousand dollars . . . in value above liens and encumbrances, owned and occupied as a principal residence". N.Y. C.P.L.R. § 5206(a) (McKinney's 2011). The Trustee has the burden of proving that the exemption is not properly claimed. Fed. R. Bankr. P. 4003(c). In order to be entitled to a homestead exemption, N.Y. C.P.L.R. § 5206(a) requires evidence of (1) an ownership interest in real property, and (2) residency by the debtor in that property. *In re Martinez*, 392 B.R. 530, 531 (Bankr. E.D.N.Y. 2008); *In re Martiny*, 378 B.R. 52, 53 (Bankr. W.D.N.Y. 2007); *Fontana v. Fontana*, 89 A.D.2d.843, 453 N.Y.S.2d 23, 24 (N.Y. App. Div. 1982).

It is undisputed that at the time the bankruptcy case was filed the Debtor occupied the Real Property as his principal residence and that the Debtor was the owner of the Real Property.

The Trustee, however, argues that eligibility for the homestead exemption under N.Y. C.P.L.R. § 5206(a) requires the debtor's physical presence at the real property be coupled with the intent to reside there permanently. Because the Debtor entered into a pre-petition contract to sell the Real Property, the Trustee contends that the Debtor did not have any intent to maintain the Real Property as his homestead on the Petition Date. The Trustee relies on *Town of Skaneateles v. Scott (In re Scott)*, 233 B.R. 32 (Bankr. N.D.N.Y. 1998) for the proposition that a debtor must demonstrate an intent to reside at the homestead permanently on the petition date in order to claim a homestead exemption.

This Court finds the instant case to be distinguishable from *In re Scott*. To be eligible for a homestead exemption, N.Y. C.P.L.R. § 5206(a) requires "actual physical occupancy on a regular basis." *Scott*, 233 B.R. at 40. At issue in *Scott* was whether "a period of occupancy that lasted no more than two days can qualify as a [sic] 'regular' for purpose of N.Y. C.P.L.R. § 5206." *Id.* There, in an attempt to claim a homestead exemption with respect to the real property, the debtor placed a motor home along with an electric generator and a portable toilet on a vacant parcel of real property but the property lacked ordinary necessities such as access to public utilities, running water, and a septic system and the debtor never took any steps to mitigate these defects. The debtor purportedly stayed at the motor home for two days during which he filed for bankruptcy relief but there was no evidence that the debtor resided at the property on a full time basis after the two-day period in question. As New York law did not specify when a homestead is established, the court in *Scott* looked to other bankruptcy courts outside the Second Circuit which have generally held that "a homestead comes into existence when actual physical presence is coupled with an intent to reside there permanently." *Id*. Based

6

upon the facts in that case, the court in *Scott* found that the debtor did not have a bona fide intention of making the real property his permanent regular residence as of the petition date and held that the debtor was not entitled to a homestead exemption. The property was never the debtor's residence nor intended to be the debtor's residence; therefore, a homestead never came into existence in the first place.

In the case before this Court, there is no evidence that the Debtor manufactured the circumstances that were present in *Scott* in order to claim a homestead exemption. There is no dispute that the Debtor owned and occupied the Real Property on a regular basis for some time and that it was the Debtor's permanent residence as of the Petition Date. The fact that the Debtor intended to vacate and sell the Real Property sometime after the Petition Date does not change the fact that the Real Property was his permanent residence and his homestead on the Petition Date for purposes of N.Y. C.P.L.R. § 5206. Moreover, "[n]othing in C.P.L.R. § 5206(a) even suggests that the homestead exemption is to be conditioned on an intent for long term residency. Rather, the statute allowed an exemption to any owner who resides on the property on the date of bankruptcy." *In re Martiny*, 378 B.R. at 53 (finding the debtors to be entitled to a homestead exemption notwithstanding the existence of a pre-petition contract to sell their residence where the Debtors continued to live at the residence when they filed for bankruptcy relief). Accordingly, this Court finds that the Debtor is entitled to a homestead exemption under N.Y. C.P.L.R. § 5206(a) notwithstanding the existence of a pre-petition contract of sale of the debtor's residence and the Trustee has not satisfied his burden of proof to demonstrate otherwise.

The Trustee further argues that the Debtor's entitlement to a homestead exemption should be conditioned upon the Debtor securing another homestead within a one year period

pursuant to N.Y. C.P.L.R. § 5206(e). N.Y. DEBT. CRED. LAW § 282 incorporates N.Y. C.P.L.R. § 5206 as a whole and not just section 5206(a). As set forth in Section 5206(e) in pertinent part:

> A judgment creditor may commence a special proceeding in the county in which the homestead is located against the judgment debtor for the sale, by a sheriff or receiver, of a homestead exceeding one hundred fifty thousand dollars . . . in value. The court may direct that the notice of petition be served upon any other person. The court, if it directs such a sale, shall so marshal the proceeds of the sale that the right and interest of each person in the proceeds shall correspond as nearly as may be to his right and interest in the property sold. Money, not exceeding one hundred fifty thousand dollars . . . , paid to a judgment debtor, as representing his interest in the proceeds, is exempt for one year after the payment, unless, before the expiration of the year, he acquires an exempt homestead, in which case, the exemption ceases with respect to so much of the money as was not expended for the purchase of that property; and the exemption of the property so acquired extends to every debt against which the property sold was exempt.

N.Y. C.P.L.R. § 5206(e) (McKinney's 2011).

N.Y. C.P.L.R. § 5206(e) provides for a special proceeding whereby a judgment creditor can seek an immediate court ordered sale of a debtor's homestead and enforce a money judgment against the sale proceeds. The purpose of C.P.L.R. § 5206(e) is (1) to determine whether the value of the homestead exceeds the exemption allowed under C.P.L.R. § 5206(a) and (2) to ensure the just and legal distribution of the sale proceeds. *Manufacturers and Traders Trust Co. v. Borst et al., 128 Misc. 2d* 691, 693, 490 N.Y.S.2d 665, 667 (N.Y. Sup. Ct. 1984); *Matter of Perry v. Zarcone, 98 Misc. 2d 899*, 902, 414 N.Y.S.2d 604, 606 (N.Y. Sup. Ct. 1979). Where there is a negotiated, voluntary contract of sale pre-petition, the Court finds that N.Y. C.P.L.R. § 5206(e) is not applicable because § 5206(e) applies only to *an involuntary* sale of a debtor's homestead (emphasis added). *See In re Santiago*, No. 11-12843 ALG, 2012 Bankr. LEXIS 592, *5 (Bankr. S.D.N.Y. Feb. 6, 2012) (finding the limited exemption for sale proceeds under N.Y. C.P.L.R. § 5206(e) to be inapplicable because the debtor sold the property voluntarily); *In re*

*Murdock*, No. 07-61934, 2008 Bankr. LEXIS 808, *12 (Bankr. N.D.N.Y. Mar. 17, 2008) (finding that N.Y. C.P.L.R. § 5206(e) applies only to involuntary sales).

While the Trustee has alleged that the Motion contains a fair inference that the Debtor may use the proceeds of sale for a purpose other than to acquire another homestead and that the proceeds should be released only if the Debtor acquires a homestead within one year, the Court finds that such inference is speculative at best and unsupported by any evidence. Additionally, no other provision of section 5206 makes a debtor's entitlement to the homestead exemption conditioned upon the debtor acquiring a new exempt homestead within a one-year period. Allowing a debtor to claim his homestead exemption with respect to a post-petition sale arising from a pre-petition contract without such a restriction is consistent with the practice of allowing a debtor to claim a homestead exemption in the context of other post-petition sales of a debtor's residential real property. *See In re Bedell,* 173 B.R. 463, 467 (Bankr. W.D.N.Y. 1994) (finding a debtor to be entitled to a homestead exemption because to allow the debtor's previously unopposed exemption claim to be cut off by a post-petition foreclosure sale would frustrate the "fresh start" policy); *In re Kaufman*, 68 B.R. 391 (Bankr. S.D.N.Y. 1986) (granting the allowance of the debtor's homestead exemption against proceeds of sale resulting from the chapter 7 trustee's section 363 sale of the debtor's residence).

There is no reason why this post-petition voluntary sale should be any different from any other sale of a debtor's residential real property conducted during the course of a bankruptcy proceeding. The Debtor's fresh start should not be penalized as a result of the existence of a pre-petition contract negotiated on an arms-length basis where the Debtor still owned and occupied the homestead on the Petition Date. If the state legislature desired to have a debtor's entitlement

to a homestead exemption be dependent upon the debtor acquiring a new exempt homestead within a period of time in the context of voluntary sales, it could have certainly made such condition a requirement in section 5206(a) as it did for proceeds of involuntary sales under section 5206(e). It has not done so. Section 5206(e) does not apply to a sale by a debtor in bankruptcy who has claimed a proper exemption.

Given that the Debtor owned and occupied the Real Property at the time of the bankruptcy filing on a regular basis and the voluntary sale of the Debtor's Real property occurred post-petiton, the Debtor is entitled to a homestead exemption under N.Y. C.P.L.R. § 5206(a) without any requirement that the Debtor must acquire a new homestead within a one year period before he is entitled to receive those proceeds. Additionally, because the amount of the net proceeds of sale is less than the Debtor's claimed exemption in the proceeds, the net proceeds are of inconsequential value and benefit to the bankruptcy estate and the bankruptcy estate's interest in those proceeds should be abandoned pursuant to 11 U.S.C. § 554.

III.     Former Spouse's Claim Against Sale Proceeds.

While the bankruptcy estate has little or no interest in the sale proceeds in light of the foregoing, the Debtor's ex-wife has opposed the Debtor's Motion and asserted a priority claim against the entire amount of the sale proceeds pursuant to the June 8, 2012 Stipulation. While the June 8, 2012 Stipulation was entered pre-petition, the Judgment of Divorce was not entered until after the Debtor filed for bankruptcy relief.

"Under New York law, one spouse's rights in marital property owned by the other are inchoate and do not vest until entry of a judgment of divorce." *DiGeronimo v. Weissberg*, 354 B.R. 625, 637 (Bankr. E.D.N.Y. 2006). "The result is that a non-debtor spouse does not have a

recognizable *property interest* in a debtor's property until entry of the divorce judgment." *Id.* (emphasis in original). When bankruptcy intervenes prior to the entry of a judgment of divorce, the bankruptcy cuts off the inchoate right in any marital property, and leaves the non-debtor spouse with an unsecured claim. *Schachter v. LeFrak (In re LeFrak)*, 223 B.R. 431, 439 (Bankr. S.D.N.Y. 1998). *See also*, *Taub v. Taub (In re Taub)*, 427 B.R. 208 (Bankr. E.D.N.Y. 2010) (finding that until the entry of an equitable distribution award, the interest of the non-debtor spouse in real properties is cut off by the debtor's bankruptcy and may give rise to an unsecured claim but not an interest in the real properties). "The courts have uniformly held that when a final judgment of divorce has not been entered at the time of a bankruptcy filing, the non-debtor's spouse's rights may be no greater than that of a general unsecured creditor."*Ara v. Anjum (In re Anjum)*, 288 B.R. 72, 76 (Bankr. S.D.N.Y 2003) (citing *In re Cole*, 202 B.R. 356, 360 (Bankr. S.D.N.Y. 1996)). Accordingly, to the extent Ms. Good's claim represents an equitable distribution awarded to her upon the post-petition entry of the Judgment of Divorce, she holds an unsecured claim in this bankruptcy case and does not have an interest in the proceeds representing the Debtor's homestead exemption. Whether Ms. Good may have other remedies available to her is not before the Court at this time and the issue has not been raised or addressed in the context of this Motion.

## CONCLUSION

Based upon the foregoing, the Court finds that (1) the Debtor is entitled to claim a homestead exemption with respect to proceeds arising from the sale of the Debtor's Real Property pursuant to 11 U.S.C. § 522(b)(3), N.Y. DEB. CRED. LAW § 282 and N.Y. C.P.L.R. § 5206(a); (2) the interest of the bankruptcy estate in such sale proceeds are of inconsequential

value and benefit, and therefore, not part of this bankruptcy estate; and (3) the Debtor's former spouse is not entitled to any sum from the Debtor's exemption proceeds at this time. Therefore, the objections of the Trustee and of Ms. Good are overruled. The Debtor's Motion to compel the Trustee to abandon the bankruptcy estate's interest in the sale proceeds pursuant to 11 U.S.C. § 554 is granted.



**Dated: Central Islip, New York**
**May 20, 2013**

/s/ Dorothy Eisenberg
**Dorothy Eisenberg**
**United States Bankruptcy Judge**

12